# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **SONYA A. MILLER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:10CV00038 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | By James P. Jones |
| **COMMISSIONER OF SOCIAL** | ) | United States District Judge |
| **SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Joseph E. Wolf, Wolfe, Williams, Rutherford, & Reynolds, Norton, Virginia, for Plaintiff; Eric P. Kressman, Regional Chief Counsel, Patricia A. Stewart, Assistant Regional Counsel, and Charles Kawas, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I affirm the final decision of the Commissioner.

I

Plaintiff Sonya A. Miller filed this action challenging the final decision of the Commissioner of Social Security (the "Commissioner") denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") benefits pursuant to titles II and XVI of the Social Security Act ("Act"), 42

U.S.C.A. §§ 401-433, 1381-1383d (West 2003 & Supp. 2010).  Jurisdiction of this court exists pursuant to 42 U.S.C.A. §§ 405(g) and 1383(c)(3).

Miller filed for benefits on February 14, 2006, alleging she became disabled July 1, 1999, due to a variety of physical and mental impairments, including back and knee pain.  Her claim was denied initially and upon reconsideration.  Miller received two hearings before an administrative law judge ("ALJ"), during which Miller, represented by counsel, a medical expert, and a vocational expert testified.  The ALJ denied Miller's claim, and the Social Security Administration Appeals Council denied her Request for Reconsideration.  Miller then filed her Complaint with this court, objecting to the Commissioner's final decision.

The parties have filed cross motions for summary judgment and have briefed the issues.  The case is ripe for decision.

II

Miller was born on December 10, 1978, making her a younger person under the regulations.  20 C.F.R. §§ 404.1563(c), 416.963 (2010).  Miller completed high school.  She previously worked as a fast food restaurant cook.  She claims she is disabled due to pain in her back and knee, muscle spasms, nervousness and anxiety, and weakness and pain in her arms.  She has been diagnosed with

degenerative disc disease, a herniated disc, and right knee chondromalachia, which was diagnosed after arthroscopic surgery in 2000.

The ALJ determined that Mullins suffered from two severe impairments: chondromalacia patella of the right knee and mild degenerative disc disease. The ALJ also considered Miller's allegations of weakness in the arms, headaches, anxiety, and depression but found that none of those impairments were severe. The ALJ determined that Miller has the capacity to perform work that requires lifting and carrying 30 to 35 pounds occasionally and 20 pounds frequently, occasional crawling, and frequent bending, stooping, and squatting. He concluded that Miller cannot perform past relevant work but can perform other jobs that exist in significant numbers in the national economy.

III

The plaintiff bears the burden of proving that she is under a disability. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The standard for disability is strict. The plaintiff must show that her "physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C.A. § 423(d)(2)(A).

In assessing DIB and SSI claims, the Commissioner applies a five-step sequential evaluation process. The Commissioner considers whether the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to her past relevant work; and (5) if not, whether she could perform other work present in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2010). If it is determined at any point in the five-step analysis that the claimant is not disabled, the inquiry immediately ceases. *Id.*; *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983). The fourth and fifth steps of the inquiry require an assessment of the claimant's residual functional capacity, which is then compared with the physical and mental demands of the claimant's past relevant work and of other work present in the national economy. *Id.* at 869.

In accordance with the Act, I must uphold the Commissioner's findings if substantial evidence supports them and the findings were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation marks and citation omitted). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is the

role of the ALJ to resolve evidentiary conflicts, including inconsistencies in the evidence. *Seacrist v. Weinbarger*, 538 F.2d 1054, 1956-57 (4th Cir. 1976). It is not the role of this court to substitute its judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

Miller argues that the ALJ's decision was not supported by substantial evidence because the ALJ did not afford proper weight to the opinions of Miller's physicians and instead afforded the greatest weight to a non-examining medical expert. A treating physician's medical opinion will be given controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2) (2010). However, the ALJ has "the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). Generally, the opinions of physicians who examined the claimant are afforded more weight than opinions of physicians who did not examine the claimant. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1) (2010).

The ALJ rejected the opinion of Todd A. Cassel, M.D., Miller's treating physician. Dr. Cassel had opined that Miller had a herniated lumbar disc with radiculopathy and could only lift or carry up to five pounds, stand or walk for one hour in an eight-hour day, and sit for five to six hours in an eight-hour day. He

asserted that Miller could not work full time. The ALJ rejected the opinion on the grounds that it was inconsistent with Dr. Cassel's own reports in Miller's treatment records and with other evidence in the record.

The ALJ considered the appropriate factors when weighing Dr. Cassel's opinion, and his decision was supported by substantial evidence. There is no objective evidence in the record supporting Dr. Cassel's finding of radiculopathy or supporting his assertion that Miller had multiple disc herniations or nerve root irritation. The only documented disc herniation was at L4-5. Dr. Cassel's opinion was also in conflict with the opinion of Jack E. Scariano, Jr., M.D, who reported no evidence of radiculopathy. Furthermore, the ALJ determined that Dr. Cassel's conclusions regarding Miller's residual functional capacity was unsupported by the treatment record. *See* 20 C.F.R. §§ 404.1527(d)(3), 416.927(d)(3) (2010) (listing "Supportability" as a factor to consider when determining the weight to give to an opinion). Additionally, it was in conflict with the opinion of Edward Griffin, M.D., a medical expert who reviewed Miller's medical history and testified at one of the administrative hearings, and with the residual functional capacity outlined by Dr. Scariano. *See* 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4) (2010) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.").

Miller also faults the ALJ for failing to give full weight to the opinion of Dr. Scariano. Dr. Scariano, a neurologist, examined Miller and diagnosed her with chronic low back pain secondary to a herniated disc. He opined that missing reflexes and decreased sensation were probably related to borderline diabetes. He concluded that she could lift up to 20 pounds occasionally and 10 pounds frequently; carry 10 pounds frequently; sit, stand, or walk for eight hours in an eight-hour day; and perform activities of daily living.

The ALJ afforded some weight to Dr. Scariano's opinion. He noted that Dr. Scariano's opinion was based on a one-time examination of the plaintiff and therefore his opinion was not entitled to controlling weight. *See Crawford v. Comm'r of Soc. Security*, 363 F.3d 1155, 1160 (11th Cir. 2004) (asserting that a doctor who examines a claimant on only one occasion is not considered a "treating physician"); *cf. Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir. 1983) (affording great weight to a treating physician's opinion because it reflects judgment based on continuing observation of the patient's condition). Although examining physicians' opinions are generally afforded more weight than those of non-examining physicians, Dr. Scariano's opinion was afforded less weight than Dr. Griffin's because the weight limitations imposed by Dr. Scariano were not fully explained by his examination results, which revealed normal strength and no evidence of radiculopathy, and there was no specific support for his conclusions

referenced on the medical source statement. The ALJ's decision was supported by substantial evidence.

IV

For the foregoing reasons, the plaintiff's Motion for Summary Judgment will be denied, and the defendant's Motion for Summary Judgment will be granted. A final judgment will be entered affirming the Commissioner's final decision denying benefits.

DATED: March 20, 2011

/s/ James P. Jones
United States District Judge